UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-cr-00579 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| EDWARD AUSTIN, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) ) | (Resolving Docs. 261, 267) |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 261) (the "Motion") filed by Defendant Edward Austin ("Austin"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 267).

For the reasons stated below, the Motion is DENIED.

I. BACKGROUND

A federal grand jury charged Austin with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and (b)(1)(C) with an enhanced penalty for a prior serious violent felony conviction pursuant to 21 U.S.C. § 841(b)(1)(B) (Count One), possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Four), felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Five), and use of a communications facility to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b) (Count 13). Doc. 11. Pursuant to a plea agreement, Austin pled guilty as to Counts One, Four, and Five. Doc. 165. Count 13 was dismissed. Doc. 196.

1

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 193. The PSI indicated Austin had a total offense level of 23 and a criminal history category of V, therefore the advisory guideline range was 84–105 months. PSI at p. 16, ¶ 76. The Court ultimately sentenced Austin to a term of 96 months' imprisonment. Doc. 196.

After Austin's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 87 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need

2

for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Austin asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 70–87 months as opposed to the 84–105 months that applied at the time of sentencing. Doc. 261 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Austin's total criminal history points were 10.  Eight (8) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a), (b).  PSI at pp. 9–12, ¶¶ 43–48.  Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Austin was on probation for

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

state burglary charges. PSI at p. 11, ¶ 47. Austin now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would now only receive one additional criminal history point due to the offense taking place while he was on probation, therefore his total criminal history points would be nine (9) under the new calculation. Doc. 261 at p. 3. The Court finds that Amendment 821 affects Austin's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Austin's case. *See Jones*, 980 F.3d at 1107. This is due to Austin's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). While Austin does not have an extremely lengthy criminal history, he has spent the majority of his adult life in custody, which shows he has yet to be deterred from illegal activity. He was convicted at 18 years old for drug trafficking. PSI at p. 10, ¶ 44. While that case was pending, Austin was also arrested for separate occurrences of abduction and felonious assault. PSI at pp. 10–11, ¶¶ 45–46. Soon after his release following several years in prison for those charges, Austin was arrested for a burglary and sentenced to three years community control. PSI at p. 11, ¶ 47. He violated probation a little more than a year later, served 12 more months in prison as a result, and was on post release control when he committed the underlying offenses. *Id.* Austin's criminal history paired with the underlying conduct in this case show a pattern of behavior indicating he lacks respect for the law. At the time of sentencing, the Court considered Austin's offenses, criminal history, and characteristics, and determined that a 96-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

4

The Court recognizes and commends Austin for his commitment to rehabilitation and the personal improvements he has made through education while incarcerated. Doc. 261 at p. 4. However, given the facts and after consideration of the § 3553(a) factors, the Court finds a reduction to Austin's sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 261) is DENIED.

Date:  July 16, 2025            /s/ John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE

5